UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PHILIP RASMUSSEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-cv-00058-SPM ) |
| SCOTT WEBER, | ) ) |
| Respondent. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on review of self-represented petitioner Philip Rasmussen's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will transfer this case to the United States District Court for the Western District of Missouri.

**Background**

Petitioner is currently incarcerated in the Moberly Correctional Center in Moberly, Missouri. On July 12, 2016, a jury convicted him of second-degree assault. *State of Missouri v. Rasmussen*, No. 14AF-CR01735-01 (46th Jud. Cir., Taney County).[1] The charge arose from an alleged encounter between petitioner and another man that occurred in Branson, Missouri. During the encounter, petitioner was accused of punching an individual in the neck and throwing him over a fence. Petitioner was sentenced to a term of fifteen years of imprisonment on September 15, 2016.

Petitioner filed a direct appeal. His conviction and sentence were affirmed by the Missouri

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Court of Appeals on October 6, 2017. *State of Missouri v. Rasmussen*, No. SD34652 (Mo. App. 2017).

On January 19, 2018, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to Missouri Supreme Court Rule 29.15. *Rasmussen v. State of Missouri*, No. 1846-CC00016 (46th Jud. Cir., Taney County). The motion was denied on September 11, 2018. Petitioner filed an appeal of the dismissal of his postconviction action. However, the Missouri Court of Appeals dismissed the appeal for failure to perfect on July 29, 2019. *Rasmussen v. State of Missouri*, No. SD35726 (Mo. App. 2019). After denying petitioner's application for transfer to the Missouri Supreme Court, the Court of Appeals issued its mandate on September 23, 2019.

Petitioner filed the instant action on September 11, 2020, by placing it in his institution's prison mailing system.[2] The petition is typewritten on a Court-provided 28 U.S.C. § 2254 form. Including additional sheets, the petition is forty pages long. Petitioner has also attached one-hundred-and-ninety-five pages of exhibits, which include trial transcripts, handwritten arguments, and court orders. In the petition, petitioner includes six grounds for relief: (1) actual innocence; (2) ineffective assistance of counsel before his trial; (3) ineffective assistance of counsel during trial; (4) ineffective assistance of counsel on direct appeal; (5) abuse of discretion of the trial judge; and (6) police and prosecutorial misconduct. Along with the petition, petitioner filed a motion titled "Petition to be Returned to Arkansas to Prove 'Actual Innocence.'" (Docket No. 2). He has also paid the filing fee.

## Discussion

According to the information provided in the petition, and corroborated by the Court's review of petitioner's state court records, the conviction that petitioner is challenging arose in the

---

[2] *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (stating that "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

2

Circuit Court of Taney County, Missouri. Taney County is located in the Southern Division of the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Pursuant to this section, the district courts for the Eastern District of Missouri and the Western District of Missouri have concurrent jurisdiction to hear this case. In a circumstance such as this, the district court in which the petition is originally filed may, in the exercise of its discretion and the furtherance of justice, transfer the case to the other district for hearing and determination. Additionally, 28 U.S.C. § 1404(a) provides that a district court, for the convenience of the parties and witnesses and in the interest of justice, may transfer any civil action to any other district or division where it might have been brought.

      Transfer of this action is appropriate because petitioner's constitutional claims are based upon a conviction in a circuit court located within the Western District of Missouri. The relevant records are thus located there. Furthermore, if a hearing is required, the Western District of Missouri would be more convenient for witnesses. Finally, the Court has entered an administrative order stating that, absent any unusual circumstances, any habeas petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri should be transferred to that district. As such, the Court will order that this case be transferred to the United States District Court for the Western District of Missouri. Petitioner's motion to be returned to Arkansas

will remain pending, subject to review by the Western District.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).

Dated this 2nd day of October , 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE